## SEALTS v MYERS

Ohio Appeals, 3rd Dist, Allen Co

No 575. Decided April 4, 1932

Elmer E. Welty, for plaintiff in error.
Lippincott & Lippincott, Lima, for defendant in error.

JUSTICE, PJ.

Both plaintiff and defendant have prosecuted error to this court; the plaintiff contending that there is reversible error in the trial in the Court of Common Pleas in two particulars; misconduct of counsel for defendant in his argument to the jury; and, verdict not sustained by sufficient evidence; the defendant as a cross-petitioner in error, claiming that the trial court erred in refusing after trial had, to direct the clerk of courts to deliver to him the $689.12, theretofore deposited with the clerk by The Old National Bank of Delphos in the proceedings in aid of execution, unless and until the defendant executed a bond for a thousand dollars to plaintiff, protecting him in the event he successfully prosecuted error to the judgment aforesaid.

Plaintiff's first claimed error, namely, misconduct of counsel for defendant in his argument to the jury, is easily disposed of. The argument complained of is not brought upon the record. True, there is an affidavit of counsel for plaintiff, found among the pleadings, in which certain purported remarks of counsel for defendant in his argument to the jury appear, but this affidavit cannot be considered by us. In **State v Young, 77 Oh St, 529**, the following pronouncement appears:

"The remarks of counsel in addressing a jury, to be the predicate of a proceeding in error upon the ground of the misconduct of counsel in that regard, must be brought into the record of the trial on a certificate of the trial judge as other matters occurring upon the trial and in his presence. They cannot be introduced by affidavit."

Plaintiff's second claim of error, namely, verdict not sustained by sufficient evidence, presents the big question in this case. Did defendant promise to pay the amount due on the note after he had been discharged in bankruptcy? The jury answered this question by its verdict, and by the interrogatory, in the negative. If its verdict and finding are against the decided weight of the evidence, then and in such event the verdict should be held to be not sustained by sufficient evidence, and this claim of error would, in such event, be well taken; otherwise not. **Dean v King, 22 Oh St, 118, 134.**

In order to dispose of this proposition, we were required to and have read the entire record. To review the evidentiary facts, except very briefly, will be unnecessary as the parties and their counsel are well acquainted with them. Furthermore, to set forth and comment at length upon the facts might, in the event of another trial, do more harm than good. Suffice it to say, that a conflict exists in the oral testimony on this disputed ultimate fact, and if there were no evidence offered except the oral testimony, we would, of course, have no difficulty in disposing of this contention. There are, however, certain facts and circumstances which are not only helpful in solving this problem, but point unerringly to where the truth lies. We refer to the boiler transaction, the credit of twenty ($20.00) dollars on the books of the plaintiff, the discussions, admittedly occurring between the parties after bankruptcy, regarding the paying of the note; and the renewing of the business relations by the parties after bankruptcy. These facts, coupled with the oral testimony of plaintiff and his witnesses, overwhelmingly outweigh the uncorroborated testimony of the defendant, and persuade us that the verdict and the interrogatory just must necessarily have been rendered and answered by jurors laboring under some misapprehension of the facts and the law applicable thereto.

We are always loathe to reverse a judgment of a court of primary jurisdiction, on the ground of the insufficiency of the evidence. We recognize that the jurors are the triers of the facts and that we, as a

reviewing court, have no right to invade their province by substituting our opinion for their opinion. We know that the jurors see the witnesses, observe their facial expressions, and are undoubtedly in a much better position to determine where the truth lies than we who only have the printed record before us. But when, as in the instant case, the verdict is so overwhelmingly against the decided weight of the evidence, no course is open to us under the statutes, but to set aside the verdict and grant a new trial. To do otherwise would be to ignore the express provisions of the statute governing a new trial.

Turning now to the cross-petition in error. The defendant won in the trial court and therefore was entitled to the possession of his money theretofore deposited with the clerk of courts. The trial court had no right, in law, to order him to put up a bond in order to get his money. It was plaintiff's and not defendant's move after defendant had won. However, notwithstanding the erroneous ruling of the trial court, in view of our conclusion, no prejudicial error has intervened, and hence this claim of error is of no moment. If we had affirmed this judgment, our decision on this point would, of course, be different.

Holding these views, it follows that the judgment of the Court of Common Pleas should be reversed and the cause be remanded. Judgment reversed and cause remanded.

CROW and KLINGER, JJ, concur.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ (4th Dist), sitting.